UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEAN MARKLEY USA, INC., et al., <br>     Plaintiffs, <br> v. <br> CENVEO CORPORATION, <br>     Defendant. | Case No. 14-cv-02650-BLF <br><br> **ORDER GRANTING MOTION FOR LEAVE TO AMEND** <br><br> [RE: ECF 34] |

Plaintiffs Dean Markley USA, Inc. ("DM USA"), Dean Markley Strings, Inc. ("DM Strings"), and Dean Markley ("Markley") seek leave to amend the complaint to add a new defendant, Cenveo, Inc., which is asserted to be the parent corporation of the current named defendant, Cenveo Corporation. The Court took the motion under submission without oral argument by order dated April 6, 2015. *See* Order of April 6, 2015, ECF 40. For the reasons discussed below, the motion for leave to amend is GRANTED.

**I.    BACKGROUND**

Plaintiffs filed this action in the Santa Clara County Superior Court on April 28, 2014. *See* Notice of Removal, ECF 1. In the complaint, Plaintiffs allege that Markley, doing business through DM Strings and a sole proprietorship called American Winding, has manufactured and distributed guitar strings and other musical instrument accessories since the 1970s. Compl. ¶ 9, ECF 1. For a period of about thirty years, Defendant Cenveo Corporation supplied the "Greaseproof" paper envelopes that DM Strings and American Winding used to package metal guitar strings for distribution to retailers. *Id.* ¶¶ 12-14. In 2009, Defendant Cenveo Corporation began supplying Plaintiffs with new "Tablet" envelopes, which Defendant represented were

"sulfur free, acid free, and virtually the same as the Greaseproof envelopes." *Id.* ¶ 17.  Plaintiffs started receiving complaints about rust on the guitar strings but, because of Defendant's representations regarding the quality of the Tablet envelopes, Plaintiffs focused their investigative efforts on the manufacturing process of the strings themselves and not on the envelopes.  *Id.* ¶¶ 19-24.  Plaintiffs took measures to prevent rust in the manufacturing and shipping phases, but they continued to use Defendant's Tablet envelopes after requesting and receiving repeated assurances that the Tablet envelopes were sulfur free, acid free, and of the same composition as the previously used Greaseproof envelopes.  *Id.* ¶¶ 24-34.  In June 2012, Plaintiffs had Defendant's Tablet envelopes analyzed and discovered that they were significantly more porous than the Greaseproof envelopes and contained levels of sulfur and chlorine high enough to cause corrosion.  *Id.* ¶¶ 35-36.

After determining that the Tablet envelopes caused the rust on the strings, Plaintiffs discontinued use of the Tablet envelopes, recalled product shipped in the Tablet envelopes, and gave discounts to distributors in order to keep their business.  Compl. ¶¶ 37-40.  Plaintiffs allege that their brand has been damaged and their business reputations tarnished.  *Id.* ¶ 41.  They also allege that they have lost future profits from customers that have ceased doing business with them as a result of the corrosion issue.  *Id.* ¶ 42.  After Defendant Cenveo Corporation refused to compensate Plaintiffs for those losses, Plaintiffs filed this action asserting claims for:  (1) breach of contract, (2) breach of express warranty, (3) breach of implied warranty, (4) negligence, (5) fraud, (6) unjust enrichment, and (7) unfair competition.

Defendant Cenveo Corporation removed the complaint to federal district court on June 9, 2014.  Plaintiffs now seek leave to file a first amended complaint adding Cenveo, Inc., as a defendant.

**II.   DISCUSSION**

Plaintiffs' motion is governed by Federal Rule of Civil Procedure 15(a)(2), which directs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Leave to amend generally is denied only based upon findings of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).[1]

There is no evidence of undue delay, and Defendant does not contend that Plaintiffs unduly delayed in bringing this motion. Plaintiffs' counsel, Anthony Isola, has submitted a declaration stating that in December 2014 he became aware that Plaintiffs had addressed some envelope purchase orders to Cenveo *Inc.* rather than Cenveo *Corporation.* Isola Decl. ¶ 8, ECF 34-1. Mr. Isola also learned in January 2015 that a collection memorandum had requested that payment be made to "Cenveo" generically, and that Cenveo, Inc. is the parent company of Cenveo Corporation. *Id.* ¶¶ 9-10. Plaintiffs unsuccessfully sought a stipulation permitting them to amend to add Cenveo, Inc. as a defendant. *Id.* ¶¶ 17-19. On January 26, 2015, Plaintiffs received responses to discovery requests in which Defendant Cenveo, Corporation denied that Cenveo, Inc. sold the subject envelopes to Plaintiffs. *Id.* ¶ 20. However, on January 28, 2015, the president and director of manufacturing for DM Markley, Jeff Landtroop, reviewed DM Markley's vendor list, which shows "Cenveo, Inc." as a vendor and does not show any other Cenveo entities as vendors. Landtroop Decl. ¶ 4, ECF 34-8. Under the Court's scheduling order, any motion for leave to add new parties was due only a few days later, on January 30, 2015. *See* Case Management Order, ECF 33. Plaintiffs timely filed the present motion on January 29, 2015. *See* Pls.' Mot., ECF 34.

No prior amendments have been requested or allowed. Amendment would not result in undue prejudice to Defendant Cenveo Corporation, as the fact discovery cut-off is not until October 25, 2015 and trial is not scheduled until February 22, 2016. Defendant asserts that it would be prejudiced if leave to amend is granted, because the proposed amended complaint "doubles the number of factual issues to be resolved, in that the proposed Amended Complaint asserts each allegation against 'Defendants,' without specifying which allegations relate to the Defendant and which relate to Cenveo, Inc." Def.'s Opp. at 6, ECF 36. Plaintiffs are not changing their theories of the case or the claims asserted. That Defendant Cenveo Corporation

---

[1] The parties also brief the issues of whether amendment is appropriate under Federal Rule of Civil Procedure 19, governing joinder of a necessary party, and Federal Rule of Civil Procedure 20, governing permissive joinder. Because leave to amend clearly is warranted under Rule 15(a), the Court need not address the parties' additional arguments under Rules 19 and 20.

may need to seek clarification from Plaintiffs regarding which allegations are asserted against it and which against Cenveo, Inc. does not constitute "undue prejudice" for purposes of Rule 15. *See U2 Home Entertainment, Inc. v. Gatechina.com, Inc.*, No. C 05-260 JF (PVT), 2007 WL 1932921, at *2 (N.D. Cal. June 29, 2007) (no undue prejudice when proposed amended complaint added new defendant but no new allegations against existing defendant).[2]

The record does not suggest a bad faith motive for seeking the proposed amendment, and the proposed amendment is not obviously futile given that there is some evidence, discussed above, that Cenveo, Inc. sold envelopes to Plaintiffs. Defendant Cenveo Corporation argues that based upon this record, Plaintiffs cannot have a good faith belief that Cenveo, Inc. is a proper defendant. Defendant also argues that amending to add claims against Cenveo, Inc. is futile. Defendant's arguments boil down to three points: (1) Defendant has stated in discovery responses that Cenveo, Inc. did not sell envelopes to Plaintiffs; (2) Plaintiffs have not discovered enough evidence to refute Defendant's discovery responses and establish conclusively that Cenveo, Inc. sold envelopes to Plaintiffs; and (3) Plaintiffs' proposed amended complaint impermissibly lumps the two Cenveo entities together and does not separate out the alleged conduct of each entity. Defendant does not cite, and the Court has not discovered, any authority suggesting that the liberal standards applicable to Rule 15(a) motions require Plaintiffs to establish Cenveo, Inc.'s involvement *conclusively* at this stage in the proceedings. As discussed above, Plaintiffs have presented evidence of Cenveo, Inc.'s involvement in the envelope sales and adequately have explained their reasoning for seeking leave to amend at this time. With respect to Defendant's assertion that the two Cenveo entities are lumped together in the proposed pleading, the Court notes that the entities themselves are in a better position that Plaintiffs to know which entity did what *vis a vis* the envelope sales. If necessary, the scope of each Cenveo entity's involvement in the envelope sales may be fleshed out in discovery or motion practice after the proposed pleading is filed.

---

[2] Defendant Cenveo Corporation lacks standing to assert prejudice on behalf of the proposed defendant, Cenveo, Inc.

## III. ORDER

Accordingly, the motion for leave to amend is GRANTED.

The amended complaint shall be filed on or before April 10, 2015 and service shall be effected upon the newly added defendant, Cenveo, Inc., as soon as is practicable.

The Court notes that the proposed amended complaint, submitted as Exhibit F to the Isola Declaration, adds allegations against Cenveo, Inc. in the body of the pleading but erroneously omits reference to Cenveo, Inc. in the caption of the pleading.  Plaintiffs shall cure this clerical error before filing the amended complaint.

**IT IS SO ORDERED.**

Dated:  April 7, 2015

BETH LABSON FREEMAN
United States District Judge